UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
AMOS FINANCIAL LLC,

                        Plaintiff,

      -against-

OLUWOLE ADEBOWALE,

                       Defendant.
------------------------------------------------------------ x

REPORT AND RECOMMENDATION

24 Civ. 294 (CBA) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

      The Court respectfully recommends that the motion for entry of a default judgment filed by Plaintiff Amos Financial LLC ("Plaintiff"), see generally ECF Nos. 18-18-4, seeking entry of a renewal judgment and corresponding judgment lien against Defendant Oluwole Adebowale ("Defendant") pursuant to Federal Rule of Civil Procedure 69(a)(1) and NY CPLR 5014(1), with the original judgment (the "Judgment") having been entered in Fed. Dep. Ins. Co. v. The Mortgage Zone Inc., No. 2:08 Civ. 3369 (JMA) (ST) (E.D.N.Y.) (the "Original Action"), be granted.

**I.    DISCUSSION**

      Federal Rule of Civil Procedure 55 sets forth the two-step procedure "for the entry of judgment against a party who fails to defend: first the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted).

### A.   Entry Of Default

As to the former, Plaintiff complied with Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1[1] with regard to requesting an entry of default as to Defendant.  See generally ECF Nos. 13-15-1.  As to service of process on Defendant, the District Court granted Plaintiff's motion for alternative service on Defendant via publication of a summons, notice and brief statement of the nature of the action once per week for four consecutive weeks in the Brooklyn Reporter and the Brooklyn Spectator, and for an extension of time to July 17, 2024, to serve Defendant accordingly.  See generally ECF Nos. 10-2 & 11.  Plaintiff timely complied and filed proof thereof, see generally ECF No. 12, such that Defendant was timely served with process in this action.  The Clerk of Court therefore entered default as to Defendant.  See generally ECF No. 17.

---

[1] Local Civil Rule 1.1 provides that "[t]hese Local Civil Rules take effect on January 2, 2025 (the "Effective Date") and govern actions pending or filed on or after that date.  For actions pending on the Effective Date, if fewer than 14 days remain to perform an action governed by these Rules, the provisions of the previous Local Rules effective on January 1, 2025 will govern."  The Court notes an apparent gap in the Rule, in relation to which version of the Local Civil Rules applies to filings submitted when one version of the Local Civil Rules was in effect but addressed after a subsequent version of the Local Civil Rules came into effect, as here.  The Court addresses this gap by applying the version of the Local Civil Rules in effect at the time that this request for an entry of default was filed, namely the Local Civil Rules of October 15, 2021, in reviewing the request, as these were the only Local Civil Rules about which Plaintiff had notice when filing the request.

B.        **Entry Of Default Judgment**[2]

As to the latter, Plaintiff has complied with the applicable procedural requirements with regard to moving for entry of a default judgment, or such requirements should be waived, and the applicable substantive requirements are satisfied such that the Court respectfully recommends that Plaintiff's motion for entry of a default judgment be granted.

---

[2] Federal Rule of Civil Procedure 55(b)(1) and Local Civil Rule 55.2(b) provide for the entry of a default judgment on a claim for a sum certain or a sum that can be made certain by computation by the Clerk of Court. The Court notes that this motion for entry of a default judgment could have been filed as a request to the Clerk of Court for entry of a default judgment on a claim for a sum certain or a sum that can be made certain by computation. See Cap. Equity Mgmt v. Sunshine, 73 Misc. 3d 1072, 1073, 1076, 1078, 1083 (Sup. Ct. Kings Cnty. 2021) (considering the petitioner's petition "for a writ of mandamus compelling respondent Nancy T. Sunshine, in her official capacity as Kings County Clerk and the Clerk of the Supreme Court, Kings County . . . , to process its default judgment application for a renewal judgment in the same manner as she would process any other default judgment application for a sum certain . . . , without regard to the fact that the action was brought for a renewal judgment pursuant to CPLR 5014(1)"; noting that, "[a]lthough a New York money judgment is enforceable for 20 years, a real property lien resulting from the judgment is viable for only 10 years," such that "the legislature enacted CPLR 5014 to, inter alia, give a judgment creditor an opportunity to extend the life of the lien by commencing an action for a renewal judgment by the judgment creditor"; reasoning that "[t]he amount sought in the underlying action for a renewal judgment is simply the amount due under the Civil Court judgment plus the statutory interest that has accrued on the judgment in the intervening years and which, even if not a sum certain, undoubtedly constitutes a sum which can by computation be made certain"; and granting the petition, such that the County Clerk was ordered to process the petitioner's request for entry of a default judgment (citations & quotations omitted)), aff'd, 222 A.D.3d 640 (2d Dep't 2023); see also Brookhaven Mem. Hosp. Med. Ctr. v. Russotto, No. 12 Civ. 2806 (JS) (ARL), 2013 WL 4807156, at *1 (E.D.N.Y. Sept. 9, 2013) (adopting the report and recommendation, which noted the requirement that the Clerk of Court enter judgment as to compliant requests for entry of a default judgment on a claim for a sum certain (citations omitted)); U.S. v. Gellerstein, No. 8 Civ. 2702 (RAM) (JO), 2011 WL 1004888, at *2 (E.D.N.Y. Mar. 17, 2011) (holding that, because the plaintiff's "sole request for relief seeks a sum certain" and because the plaintiff filed a compliant request for entry of a default judgment, "the Clerk must enter judgment as requested" (citations & quotations omitted)).

1.  **Procedural Requirements**

Plaintiff complied with Federal Rule of Civil Procedure 55(b)(2) and largely complied with Local Civil Rule 55.2[3] with regard to moving for entry of a default judgment. The requirement of Local Civil Rule 55.2(a)(1)(A) is waived, as the entry of a default as to Defendant is apparent from the docket, see generally ECF No. 17, and need not be shown by affidavit or declaration here; the requirements of Local Civil Rule 55.2(a)(1)(B) and (C) are waived, as Plaintiff complied therewith when requesting an entry of default as to Defendant, see ECF No. 14 ¶¶ 7-8; and the requirement of Local Civil Rule 55.2(a)(3) is waived, as serving Defendant with the motion for entry of a default judgment would be impracticable, in view of the inability to ascertain Defendant's location, see generally ECF No. 18-4, which created the need to serve Defendant with process by publication in this action, see generally ECF No. 11. Plaintiff complied with the remainder of the procedural requirements, namely those set forth in Local Civil Rule 55.2(a)(2) with regard to the required motion papers, see generally ECF Nos. 18-18-4, and Local Civil Rule 55.2(c) with regard to filing a statement damages sworn to or affirmed by a person with personal knowledge of such damages, see generally ECF No. 18-2.

2.  **Substantive Requirements**

Before entering a default judgment, a "district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." Mickalis Pawn Ship, LLC, 645 F.3d at 137 (footnote, citation, & quotations omitted).

Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by writ of execution, unless the court directs otherwise," and that "[t]he procedure on execution–

---

[3] See supra, n.1. The Court applies the Local Civil Rules of July 1, 2024, in reviewing the motion for an entry of default judgment.

and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." See Kadic v. Karadzic, No. 93 Civ. 1163 (LAP), 2020 WL 8512862, at * (S.D.N.Y. Dec. 9, 2020) (noting that "[s]tate law applies to proceedings in aid of the execution of a federal judgment when--like here--no specific federal law governs" (citing Fed. R. Civ. P. 69(a)).

New York law provides that, "[e]xcept as permitted by section 15-102 of the general obligations law, an action upon a money judgment entered in a court of the state may only be maintained between the original parties to the judgment where . . . ten years have elapsed since the first docketing of the judgment." NY CPLR 5014(1). Such an action may be commenced "during the year prior to the expiration of ten years since the first docketing of the judgment," with "[t]he judgment in such action . . . be[ing] designated a renewal judgment and . . . be[ing] so docketed by the clerk" and with "[t]he lien of a renewal judgment . . . tak[ing] effect upon the expiration of ten years from the first docketing of the original judgment." NY CPLR 5014.

In order to establish entitlement to relief pursuant to NY CPLR 5014, a plaintiff "must show that ten years have elapsed since the first docketing of the judgment . . . , that . . . they are entitled to payment from the judgment debtor and . . . [that] no part of the judgment has ever been satisfied." Kadic, No. 93 Civ. 1163 (LAP), 2020 WL 8512862, at *1 (citations & quotations omitted); Levin v. Islamic Rep. of Iran, No. 18 Civ. 11576 (PAE), 2018 WL 10638333, at *2 (S.D.N.Y. Dec. 19, 2018) (reasoning that a plaintiff seeking relief pursuant to NY CPLR 5014 "must make a prima facie showing of her entitlement to a renewal judgment as a matter of law" by "demonstrat[ing] that the defendant was the judgment debtor, that the

5

judgment was docketed at least nine years prior to the commencement of the action, and that the judgment remains partially or completely unsatisfied (citation omitted)).[4, 5]

Plaintiff has sufficiently established each element of the claim pursuant to NY CPLR 5014. As to the first element, Plaintiff pleaded that the Judgment was entered on or about June 16, 2009; that "a transcript of the Judgment against Mr. Adebowale was docketed with the Kings County Clerk of New York" on or about June 24, 2009; and that "[m]ore than ten years have elapsed" since each of those occurrences. ECF No. 1 ¶¶ 7, 10-11 (citations omitted). As to the second and third elements, Plaintiff pleaded that, "[a]s of December 22, 2023[, the] balance of the Judgment is . . . the original principal amount of the Judgment, being $1,113,912.61, plus post-judgment interest," as "no part of the Judgment has been satisfied." Id. ¶¶ 12-13 (citation omitted).

---

[4] The Court notes that the other judgment debtors need not be parties to this action in order for the Court to grant relief as to this Defendant. See Edrich v. Festinger, No. 12 Civ. 4069 (MKB), 2017 WL 3575238, at *4-5 (E.D.N.Y. Aug. 17, 2017) (noting, in the context of a NY CPLR 5014 action, that "the Court can afford complete relief to Plaintiff in the absence of the other judgment debtors" who have not "claim[ed] an interest relating to the subject of the action" (citations & quotations omitted)).

[5] The Court notes that Plaintiff, as an assignee of the Judgment, see ECF No. 1 ¶¶ 7-9 (stating that AmTrust Bank obtained the Judgment against Defendant; that the FDIC, as a receiver, was substituted for AmTrust Bank as the plaintiff in the Underlying Action; and that Plaintiff acquired the Judgment from the FDIC via a partial assignment (citations omitted)); see also Fed. Dep. Ins. Co. v. The Mortgage Zone Inc., No. 2:08 Civ. 3369 (JMA) (ST) (E.D.N.Y.), ECF No. 77 (the Judgment); id., ECF No. 120 (substitution of the FDIC, as a receiver, for AmTrust Bank as the plaintiff in the Underlying Action); id., ECF Nos. 228 & 228-2 (motion for entry of a partial assignment of the Judgment and proposed partial assignment of the Judgment, including the Judgment against Defendant); id., 10/14/2015 Order (Order entering the proposed partial assignment of the Judgment at ECF No. 228-2), is entitled to relief pursuant to NY CPLR 5014, see Edrich, No. 12 Civ. 4069 (MKB), 2017 WL 3575238, at *10 (noting that "several Appellate Division courts have found that[,] despite section 5014's explicit language limiting renewal to only the 'original parties to the judgment,' it applies equally to the original assignee of the judgment" (citations & footnote omitted)).

## III.   CONCLUSION

Given that Plaintiff has satisfied the procedural and substantive requirements for a default judgment motion on relief for a renewal judgment and lien, the Court respectfully recommends that Plaintiff's motion for entry of a default judgment, seeking entry of a renewal judgment and corresponding judgment lien against Defendant pursuant to Federal Rule of Civil Procedure 69(a)(1) and NY CPLR 5014(1), be granted.  The Court respectfully recommends that the Clerk of Court be directed to enter a renewal judgment against Defendant in the original amount of the Judgment, $1,113,912.61, plus post-judgment interest accruing from the date of entry of the Judgment, June 16, 2009, as set forth in the Judgment.  Fed. Dep. Ins. Co. v. The Mortgage Zone Inc., No. 2:08 Civ. 3369 (JMA) (ST) (E.D.N.Y.), ECF No. 77 at 3.

## IV.   OBJECTIONS

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen days of service.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen-day period for filing objections.  Failure to file objections within fourteen days will preclude further review of this report and recommendation by both the District Court and the Court of Appeals.  See Miller v. Brightstar Asia, Ltd., 43 F.4th 112, 120 (2d Cir. 2022) (reasoning that, "although Rule 72 applies only to the district court's review of a report and recommendation, this court has adopted the rule that when a party fails to object timely to a magistrate's recommended decision, it waives any right to further review of that decision" (citation & quotations omitted)).

The Court will mail a copy of this report and recommendation to the only address available for Defendant, 1173 Dean Street, Brooklyn, NY 11216.[6]

Dated: Brooklyn, New York
      March 12, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[6] Given the history of this case, including the publication order, see generally ECF No. 11, it is unlikely that this mail will be delivered to Defendant.