UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMOS FINANCIAL LLC,

          Plaintiff,

  -against-

OLUWOLE ADEBOWALE,

          Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
24-CV-294 (CBA) (VMS)

**AMON, United States District Judge:**

On August 18, 2024, Plaintiff Amos Financial LLC ("Amos") filed a motion seeking default judgment against Defendant Oluwole Adebowale. (ECF Docket Entry ("D.E.") # 18 ("Pl. Mot.").) On June 16, 2009, the Honorable Thomas C. Platt, United States District Judge, entered default judgment against Adebowale on behalf of AmTrust Bank ("AmTrust"). See FDIC v. The Mortgage Zone Inc., 2:08-cv-03369-JMA-ST, D.E. # 77 (E.D.N.Y. June 16, 2009). In 2015, Amos acquired AmTrust's interest in that judgment. (D.E. # 18 Ex. 1 ("Pl. Mem.") 2.) More than 10 years have passed since the judgment, and "no part of the [j]udgment has been satisfied." (Id.) Thus, pursuant to NY CPLR § 5014, Amos seeks an order entering renewal judgment with a post-judgment interest rate of 9 percent, see NY CPLR § 5004, and a new ten-year judgment lien. (Pl. Mem. 4.) Amos also seeks to recover $402 in costs from Adebowale for its filing fee in the instant case.[1]

On August 19, 2024, I referred Amos' motion to the Honorable Vera M. Scanlon, United States Magistrate Judge, for report and recommendation. (Text Order dated August 19, 2024.) On March 12, 2025, Magistrate Judge Scanlon issued a report and recommendation finding that Amos

---

[1] Amos actually paid $405 in filing fees. (D.E. # 1). This Court's filing fee was $402 until December 1, 2023. See Simmons v. NYC Dep't of Corr., No. 23-cv-7101 (OEM) (RML), 2024 WL 4436427, at *1 n.1 (E.D.N.Y. Oct. 7, 2024).

1

had "complied with the applicable procedural requirements with regard to moving for entry of a default judgment" and that "the applicable substantive requirements are satisfied."[2] (D.E. # 19 ("R&R") 3.) Magistrate Judge Scanlon noted that New York courts treat a motion for a renewal judgment under CPLR § 5014 as seeking a sum that is certain or made certain through computation. (Id. 3 n.2 (citing, inter alia, Cap. Equity Mgmt., LLC v. Sunshine, 73 Misc.3d 1072 (N.Y. Sup. Ct. 2021), aff'd, 222 A.D.3d 640 (2d Dep't 2023)).) As such, she recommended that I direct the Clerk of Court "to enter a renewal judgment against the Defendant in the original amount of the Judgment . . . plus post-judgment interest accruing from the date of entry of the Judgment." (Id. 7.) Magistrate Judge Scanlon then issued a supplemental report and recommendation recommending that the $402 in fees that Amos seeks be granted. (D.E. # 20 ("Supp. R&R.").

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the report and recommendation, and the time for doing so has passed. I find no clear error in Magistrate Judge Scanlon's determinations, so I adopt them in full.

When "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs." Fed. R. Civ. P. 55(b)(1). This is such a case. See Capital Equity Mgmt., 73 Misc.3d at 1078 ("[T]here is

---

[2] To the extent that Amos did not comply with the Local Rules – for example, by not serving Adebowale with the motion for entry of default judgment because service was impracticable – Magistrate Judge Scanlon permissibly waived its noncompliance. (R&R 4); see Boateng v. BMW AG, No. 17-CV-209 (KAM) (SIL), 2024 WL 4471151, at *31 n.13 (E.D.N.Y. Oct. 11, 2024) (describing a court's "inherent authority to waive its Local Rules").

nothing unique about a CPLR 5014 action for a renewal judgment that would require a judge to review a default judgment application."). Amos seeks a renewal judgment for the original principal of $1,113,912.61, 9 percent annual post-judgment interest since June 16, 2009, and $402 in fees. (Pl. Mot. 2.) So I respectfully direct the Clerk of Court to grant a twenty-year renewal judgment in that amount[3] with post-judgment interest at 9 percent annually, enter a corresponding lien on Adebowale's real property for a period of ten years, and award Amos $402 in costs to be assessed against Adebowale. See United States v. Gellerstein, No. 8-CV-2702 (RAM) (JO), 2011 WL 1004888, at *2 (E.D.N.Y. Mar. 17, 2011) (directing the Clerk of Court to enter judgment where a plaintiff sought a sum certain).

SO ORDERED.

Dated: March 28, 2025
Brooklyn, New York

Carol Bagley Amon
United States District Judge

---

[3] The appropriate amount of interest should be calculated on the date that the Clerk of Court issues the judgment. And while Amos seeks "a renewal judgment for [Amos] for a period of ten years," (Pl. Mem. 4), a CPLR § 5014 renewal judgment "renew[s] a judgment for a new twenty-year period." In re Vinieris, 391 B.R. 707, 712 (Bankr. S.D.N.Y. 2008).